[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Christine R. Vicas, age 49, whose maiden name was Christine Keet, and the defendant, Michael John Vicas, age 50 were married at Waterbury, Connecticut on October 14, 1972. There are no minor children issue of the marriage.
The marriage has broken down irretrievably. The initial cause of the breakdown resulted from a desire of the defendant to cross dress. He accumulated a substantial wardrobe of women's clothes including underwear, dresses, and shoes. The defendant received pleasure in dressing as a woman and engaging in fantasies with his wife. She participated in this activity at the urging of her husband but resented sexual relations while he was dressed as a woman. Needless to say the desire of the defendant to dress as a woman had a depressing effect on the marriage and the sexual relations between the parties.
In 1975, the plaintiff was involved in a motor vehicle accident in which she received serious injuries. She received a settlement of $44,000.00. In 1997, she was diagnosed with a CT Page 8908 pituitary tumor which required surgery. Prior to the surgery, the plaintiff asked the defendant to support her during her upcoming medical treatment as she had supported him in the past. The defendant said he could not do that and as a result, the plaintiff resolved that the marriage was irretrievably broken down. She left the marital home and moved to Rhode Island to live with her mother.
At the present time, Mrs. Vicas suffers from memory loss, affected speech, pain in the right eye, mouth pain, lack of sense of smell, and a portion of the tumor is still present. She takes many medications including, Lacolid, Estvee, Provers, Ddavp, Regregvol, Temopate Dipvolene, Synthrolid, Prevident, Banothol, Vitamins, Lactos supplements and mineral supplements. The unreimbursed cost of these medicines is presently $75.00 per month but would be $775.00 without insurance.
Prior to the accident, the plaintiff was gainfully employed but is now totally disabled from work. Her physician, Dr. Onyiuke, has testified that Mrs. Vicas is in his opinion eligible for social security disability benefits. If this should materialize, the plaintiff shall notify the defendant so that a determination may be made as to whether a modification in alimony payments hereinafter ordered should be made.
The defendant is employed at Teleflex Automotive as a comptroller earning approximately $70,000.00 per year with a weekly salary of $1,327.00 per week. He has an IRA valued at $22,880.00 and a Teleflex Bank plan of $47,019.00. There are two automobiles, a 1990 Toyota and a 1996 Nissan Sentra. The parties own real estate located at 365 Beach Street in Goshen, Connecticut. The defendant values this property at $260,000.00 and the plaintiff at $349,000.00. The property is subject to a mortgage of $109,000.00 to $115,000.00. The parties have agreed to list the property for sale with John Fahey. At the present time, the defendant is occupying this property while the plaintiff resides in Rhode Island with her mother. The mortgage on the property is $305.00 and the taxes $88.00.
The marriage has been dysfunctional from the beginning and has so continued after the parties separation and the filing of this action. In spite of an order that no martial asset be disposed of, each party has violated that order. The plaintiff and the defendant have disposed of the collectibles of undetermined but disputed value. In view of the fact that were CT Page 8909 the property still a martial asset, the court would have awarded each party their own collectibles. Under these circumstances no order is entered concerning the disposal of these items.
At the time of the separation, the plaintiff took $4,450.00 from a Fleet equity loan, $4,500.00 from a Capital One Visa and $8,500.00 from MBNA America. The defendant shall be entitled to a credit of $4,475.00 representing one-half of the Fleet equity loan and one-half of the Capital Visa loan. These sums shall be deducted from the plaintiff's share of the sale of the martial home.
On July 9, 1998, the plaintiff entered the family home in Goshen and in violation of the Court order removed furniture, furnishings and personal property. On November 2, 1998, the court found the plaintiff in contempt, fined her $500.00, ordered the return of the property and assessed against her the cost of $904.00 for the return of said property. This sum must be deducted from the plaintiff's share of the sale of the marital home. The parties have agreed as to the disposition of the personal property, Exhibit A, and the court accepts that agreement as part of its judgment.
Based upon the evidence and the provisions of General Statute § 46b-81, the court finds that the marriage has broken down irretrievably and that the following orders should enter:
1. A decree of dissolution based upon irretrievable breakdown.
2. Periodic alimony of $100.00 per month until the marital home is sold. Said award shall be reviewed at that time but until then any amount of social security disability benefits shall not be a basis for modification.
3. The real property located at 365 Beach Street, Goshen, Connecticut shall be sold pursuant to a multiple listing contract. The net proceeds of sale shall be divided equally by and between the parties. In the event that the parties agree to make repairs to the home prior to sale, the costs of those repairs shall be divided equally by and between the parties. The parties have agreed upon Fahey Associates Realtors of Litchfield as realtor to conduct the sale. The parties shall follow the reasonable recommendations of the real estate realtor in regard to list price, advertising, readying the property for sale, and CT Page 8910 sales price. Any expenses incurred to ready the property for sale (i.e. grass cutting and cosmetic repairs) shall be divided equally by and between the parties. Both parties shall cooperate in regard to the sale of the property. Until the closing of title upon the sale of the martial premises, the defendant shall have exclusive use of said premises and shall assume and pay the mortgage, homeowner's insurance, real property taxes and utilities associated with said premises.
4. The defendant shall elect COBRA coverage for the plaintiff's benefit in regard to medical and dental insurance coverage upon divorce. The defendant shall pay the cost of said COBRA insurance coverage in the amount of $216.00 per month, or $50.00 per week. The defendant shall pay said COBRA costs for as long as allowed by applicable law.
5. The plaintiff shall retain sole ownership of the 1996 Nissan Sentra and the defendant shall convey his interest therein to the plaintiff. The plaintiff will be responsible for any loan payments.
6. The parties have agreed upon a division of certain personal property attached hereto as Exhibit A. Each party shall retain sole ownership of the items designated thereon as belonging to the respective party.
7. Each party shall be exclusively entitled to his and her individually held bank accounts.
8. The plaintiff shall assume and hold the defendant harmless from the liability set forth in Section 3 of her financial affidavit.
9. The defendant shall assume and hold the plaintiff harmless from the liabilities set forth in Section 3 of his financial affidavit to Fleet Bank.
10. The plaintiff shall pay to the defendant the sum of $500.00 representing the fine imposed upon her by the Court on November 2, 1998 and the sum of $904.00 as reimbursement to the defendant for moving costs incurred by him for the articles of personal property which the plaintiff was ordered to return to the marital premises.
11. The defendant shall receive $4,475.00 (representing CT Page 8911 one-half of the Fleet equity loan and one-half of the Capital Visa loan) out of the plaintiff's share of the net proceeds of the closing on the real property.
Judgment may enter accordingly.
BY THE COURT
Hon. Walter M. Pickett, Jr. Judge Trial Referee
 EXHIBIT A HOUSE CONTENTS CHRIS MIKE
 NORDIC TRACK OK GRAPHITE GOLF CLUBS W/BAG CART GR BED W/DRESSER/DESK OK MBR WATERBED W/INSERT MATTRESS CHAIR/TABLES MBR NIGHT TABLES\2 OK (5) BOOKCASES IN LOFT DRESSERS/HOPE CHEST DR ETAGERE OK LOFT BOOKSHELVES W/BLOCKS KITCHEN TABLE OK DINING ROOM TABLE (4) CANE KITCHEN CHAIRS OK DINING ROOM CHAIRS HAND TOOLS (ONE HALF) OK HAND TOOLS (ONE HALF) LIVING ROOM COCKTAIL OK LIVING ROOM CARVED TABLE TABLE(6) LIVING ROOM RECLINER OK LIVING ROOM (2) TEAL CHAIRS CD/VIDEO TAPE TOWER OK VIDEO TAPE CABINET (4) FLIP CHAIRS IVORY OK (3) FLOOR PILLOWS THROW BLACK CHAIRS (ONE HALF) OK BLACK CHAIRS (ONE HALF) (4) BROWN SWIVEL CHAIRS OK COMPUTER TABLE CHAIR (2) ROUND FOLDING TABLES OK (2) ROUND FOLDING TABLES BENTWOOD ROCKER OK FILE CABINET (2) SMALL SQUARE FOLDING OK (2) SMALL SQUARE FOLDING TABLES TABLES (2) 6' FOLDING TABLE OK ALUMINUM TABLE BUTCHER BLOCK COUNTER OK 5" 1V 11" TV BOARD MODULAR FRAME KITS OK MODULAR FRAME KITS (ONE HALF) (ONE HALF) SEWING TABLES STORAGE OK TOOL CABINET RACKS